UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PEGGY NICHOLS,**

    **Plaintiff,**

                        Case No.:

v.

**MHM HEALTH PROFESSIONALS, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Peggy Nichols, by and through undersigned counsel, brings this action against Defendant, MHM Health Professionals, LLC, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Union County which is in this District.

### PARTIES

4. Plaintiff is a resident of Clay County, Florida, and she worked in Union County.

5. Defendant operates as a healthcare provider in Union County.

### GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant retaliated against Plaintiff for exercising her rights under the FMLA.

7. Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

8. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff began working for Defendant on or around August 2018.

14. On or around April 3, 2019, Plaintiff suffered a serious injury within the meaning of the FMLA. Specifically, Plaintiff injured her shoulder.

15. On or about July 11, 2019, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

16. On or about November 13, 2019, Plaintiff's employment was terminated for exercising her rights that should have been protected by the FMLA.

17. Plaintiff exercised her rights under the FMLA by taking an FMLA leave of absence to care for herself.

18. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

19. Plaintiff performed the job for which she was hired in a satisfactory manner.

20. Specifically, Plaintiff suffered from complications related to an injury she sustained at Defendant's place of employment on or about April 3, 2019.

21. On or about April 25, 2019, Plaintiff first requested an accommodation. Specifically, Plaintiff requested to continue working with light duty restrictions.

22. On or about May 13, 2019, Defendant refused to accommodate her restrictions and informed her she should not report to work.

23. Plaintiff complained to Defendant's Regional Director regarding the refusal to accommodate Plaintiff the evening of May 13, 2019. The next day, on May 14, 2019, Defendant's Nurse Manager told Plaintiff she could come back to work. However, upon return, Defendant refused to accommodate Plaintiff's restrictions.

24. Defendant gave Plaintiff a verbal warning on May 30, 2019, for calling in one day when Plaintiff's shoulder was hurting and she could not lift her arm. Plaintiff complained to Defendant about the lack of accommodations and the verbal warning.

25. Defendant finally moved Plaintiff to another position on June 4, 2019.

26. Plaintiff required surgery for her job-related injury on or about July 11, 2019, and thereafter was again told by Defendant that Defendant would not accommodate her work restrictions even though they had previously accommodated Plaintiff and her restrictions following this surgery were less restrictive than before.

27. Plaintiff requested FMLA leave which was approved by Defendant but expired on or about October 29, 2019. Defendant instructed Plaintiff to fill out a leave of absence request which she did on or about October 31, 2019.

28. On or about November 5, 2019, Plaintiff requested an accommodation of a leave of absence until January 2020 to recover from her job-related injuries.

29. On or about November 13, 2019, Defendant informed Plaintiff that it terminated her.

30. Defendant terminated Plaintiff for having taken an FMLA leave of absence.

## COUNT I – FMLA RETALIATION

31. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 31 of this Complaint, as fully set forth herein.

32. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

33. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

34. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

35. Defendant's actions were willful and done with malice.

36. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable. Dated this 12th day of May, 2021.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**