## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**PEGGY NICHOLS,**

  **Plaintiff,**

         **Case No.: 3:21-cv-504MMH-PBD**

**v.**

**MHM HEALTH PROFESSIONALS, LLC,**

  **Defendant.**

_____/

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff, Peggy Nichols, pursuant to Rule 15(a)(1), Fed. R. Civ. P., and files this First Amended Complaint against Defendant, MHM Health Professionals, LLC, and in support of her claims states as follows:

### JURISDICTION AND VENUE

  1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

  2. Venue is proper in Union County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

  3. Plaintiff is a resident of Clay County, Florida, and she worked in Union County.

4.      Defendant operates as a healthcare provider in Union County.

## GENERAL ALLEGATIONS

5.      This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant retaliated against Plaintiff for exercising her rights under the FMLA.

6.      Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7.      Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8.      Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

10.     Plaintiff has satisfied all conditions precedent, or they have been waived.

11.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

13.     Plaintiff began working for Defendant on or around August 2018.

14.     Plaintiff performed the job for which she was hired in a satisfactory manner.

15.     On or around April 3, 2019, Plaintiff suffered a serious injury within the meaning of the FMLA.

16.     On or about July 11, 2019, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

17.     On or about November 13, 2019, Plaintiff's employment was terminated for exercising her rights that should have been protected by the FMLA.

18.     Plaintiff exercised her rights under the FMLA by taking an FMLA leave of absences to care for herself.

19.     Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

20.     Plaintiff suffers from a disability that qualifies as a handicap under the FCRA, and as such, is a member of a protected class under the FCRA.

21.     Specifically, Plaintiff suffered from complications related to an injury she sustained at Defendant's place of employment on or about April 3, 2019.

22.     On or about April 25, 2019, Plaintiff first requested an accommodation.  Specifically, Plaintiff requested to continue working with light duty restrictions.

23.     On or about May 13, 2019, Defendant refused to accommodate her restrictions and informed her she should not report to work.

24.    Plaintiff complained to Defendant's Regional Director regarding the refusal to accommodate Plaintiff the evening of May 13, 2019. The next day, on May 14, 2019, Defendant's Nurse Manager told Plaintiff she could come back to work.  However, upon return, Defendant refused to accommodate Plaintiff's restrictions.

25.    Defendant gave Plaintiff a verbal warning on May 30, 2019, for calling in one day when Plaintiff's shoulder was hurting and she could not lift her arm. Plaintiff complained to Defendant about the lack of accommodations and the verbal warning.

26.    Defendant finally moved Plaintiff to another position on June 4, 2019.

27.    Plaintiff required surgery for her job-related injury on or about July 11, 2019, and thereafter was again told by Defendant that Defendant would not accommodate her work restrictions even though they had previously accommodated Plaintiff and her restrictions following this surgery were less restrictive than before.

28.    Plaintiff requested FMLA leave which was approved by Defendant but expired on or about October 29, 2019.  Defendant instructed Plaintiff to fill out a leave of absence request which she did on or about October 31, 2019.

29.    On or about November 5, 2019, Plaintiff requested an accommodation of a leave of absence until January 2020 to recover from her job-related injuries.

4

30.    On or about November 13, 2019, Defendant informed Plaintiff that it refused her request for an accommodation for a leave of absence and terminated her.

31.    On or about November 13, 2019, Defendant refused to engage in the interactive process with Plaintiff as to her request for an accommodation.

32.    Defendant denied Plaintiff's requests for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.  Plaintiff had performed her job with an accommodation in the past and could have continued to do so.

33.    By denying Plaintiff's request, Defendants unreasonably refused to accommodate Plaintiff's disability/handicap.

34.    On or about November 13, 2019, Defendant terminated Plaintiff in retaliation for requesting accommodations and due to having a disability.

## COUNT I – FMLA RETALIATION

35.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-8 and 10-19 of this Complaint, as fully set forth herein.

36.    Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

37.    Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

38.    Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

39.    Defendant's actions were willful and done with malice.

40.    Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)    An injunction restraining continued violation of the FMLA by Defendant;

(c)    Compensation for lost wages, benefits, and other remuneration;

(d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)    Front pay;

(f)    Liquidated Damages;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT II—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

41.    Plaintiff realleges and readopts the allegations of Paragraphs 1-4, 9-14, and 20-34 of this Complaint, as though fully set forth herein.

42.    Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

43.    Defendant failed to provide Plaintiff with a reasonable accommodation for her handicap, and shortly thereafter, terminated her employment.

44.    Defendant's actions were willful and done with malice.

45.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issues and that this Court take jurisdiction over the case;

(c)    An injunction restraining continued violation of  the law enumerated herein;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)     Compensatory damages, including emotional distress, allowable at law;

(g)     Punitive damages;

(h)     Prejudgment interest on all monetary recovery obtained;

(i)     All costs and attorney's fees incurred in prosecuting these claims; and

(j)     For such further relief as this Court deems just and equitable.

## <u>COUNT III – FCRA RETALIATION</u>

46.     Plaintiff realleges and readopts the allegations of Paragraphs 1-4, 9-14, and 20-34 of this Complaint, as though fully set forth herein.

47.     Plaintiff is a member of a protected class under the FCRA.

48.     Plaintiff engaged in protected activity under the FCRA by requesting to continue working with accommodations.

49.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

50.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable

8

accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.  Ultimately, Defendant terminated Plaintiff.

51.    Defendant's actions were willful and done with malice.

52.    Defendant took material adverse action against Plaintiff.

53.    Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f)    Front pay;

(g)    Any other compensatory damages, including emotional distress, allowable at law;

(h)    Punitive damages;

(i)    Prejudgment interest on all monetary recovery obtained.

(j)    All costs and attorney's fees incurred in prosecuting these claims; and

(k)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of June, 2021.

Respectfully submitted,

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 24th day of June, 2021, the foregoing

was electronically filed with the Clerk of Court via the CM/ECF system which will

serve a copy on all counsel of record.

<u>/s/ Brandon J. Hill</u>
**BRANDON J. HILL**